An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENNETH CURETON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66422

**FILED**

JUL 1 7 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit larceny and grand larceny. Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant Kenneth Cureton was arrested in a Las Vegas casino. According to the arrest report, officers arrested Cureton and his wife, Caren, after Caren took a "bait purse" and did not, within several minutes, turn the purse in to casino employees. Cureton was charged with both grand larceny, by aiding and abetting Caren's grand larceny, and conspiracy to commit larceny.

At trial, Cureton sought to introduce Caren's statement, made to officers after her arrest, that she intended to turn the purse in to the casino staff. The State objected to the statement's admission, on hearsay grounds, and the district court sustained the objection. The jury returned a verdict of guilty on both conspiracy to commit larceny and grand larceny.

On appeal, Cureton argues that the district court erred by excluding the hearsay statement. He argues that the statement reflected Caren's then-existing state of mind and is therefore admissible under NRS 51.105(1).

15-21654

This court "review[s] a district court's decision to admit or exclude evidence for abuse of discretion." *Chavez v. State*, 125 Nev. 328, 344, 213 P.3d 476, 487 (2009). Evidence is inadmissible hearsay if it is an out-of-court "statement offered in evidence to prove the truth of the matter asserted." *See* NRS 51.035.

"A statement of the declarant's then existing state of mind, emotion, sensation or physical condition, such as intent, plan, motive, design, mental feeling, pain and bodily health, is not inadmissible under the hearsay rule." NRS 51.105(1). The state-of-mind exception only applies if the declarant's then-existing state of mind is a relevant issue in the case. *See Shults v. State*, 96 Nev. 742, 751, 616 P.2d 388, 394 (1980).

Here, what is relevant is Caren's state of mind at the moment that she committed the larceny. *Robinson v. Goldfield Merger Mines Co.*, 46 Nev. 291, 303, 213 P. 103, 105 (1923) ("To convict of larceny, it is necessary to find that the intent to steal existed at the time of the taking."). If, at that moment, she declared, "I intend to turn this purse in," such a statement would be admissible. But a later declaration of a prior mental state—a *recollection* of a state of mind—is not admissible under the *then-existing* state-of-mind exception to the hearsay rule. "Declarations of intention, casting light upon the future, have been sharply distinguished from declarations of memory, pointing backwards to the past. There would be an end, or nearly that, to the rule against hearsay if the distinction were ignored." *Shepard v. United States*, 290 U.S. 96, 105-06 (1933) (Cardozo, J.).

Because Caren's state of mind after the arrest is not relevant to whether she had the intent to steal the purse when she took it, the state-of-mind exception does not apply to this case. *See Shults*, 96 Nev. at

751, 616 P.2d at 394. We conclude that the district court did not abuse its discretion by excluding the out-of-court statement. Accordingly, we ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Michael Villani, District Judge
Carl E. G. Arnold
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A